UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

JAMES M. FLINN )
)
    *Petitioner*, )
)
v. ) No. 3:08-cv-225
) *Phillips*
)
STATE OF TENNESSEE )
)
    *Respondent*. )

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 26] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

Petitioner filed his habeas corpus petition on June 5, 2008. He alleged that a charge of first degree murder pending against him in the Criminal Court for Anderson County, Tennessee, violated his right against double jeopardy because a prior grand jury had refused to return a true bill on the same first-degree murder charge; in subsequent pleading petitioner has complained of other errors in his state court proceedings. Summons was issued and

returned executed upon David S. Clark, District Attorney General for the Seventh Judicial District in Clinton, Tennessee. The court later ordered service of the habeas petition upon the Attorney General for the State of Tennessee when it became apparent to the court that, although the State of Tennessee was named as respondent, the State had never received notice of the petition.

The respondent moves to dismiss the habeas petition based upon petitioner's failure to exhaust his available state court remedies. In support of the motion to dismiss, the respondent has provided the court with copies of petitioner's relevant state court documents. [Court File No. 27-1, Attachments A-I].

Petitioner was convicted by a jury in the Criminal Court of Anderson County, Tennessee, of first degree murder and by judgment entered December 17, 2008, was sentenced to life in prison. [Attachment A]. In the meantime, on September 17, 2008, petitioner filed a notice of appeal from the jury's verdict. [Attachment I]. Petitioner's appeal remains pending in the state appellate courts.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). Petitioner's direct appeal remains pending in the state courts. Thus he cannot pursue habeas corpus relief in the federal court at this time.

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

              s/ Thomas W. Phillips
              United States District Judge